UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINALD RANDOLPH,

                              Plaintiff,

            -against-

CYRUS VANCE; THE CITY OF NEW
YORK; NEW YORK STATE,

                              Defendants.

19-CV-6377 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, currently detained at the Anna M. Kross Center (AMKC) on Rikers Island,

brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants have violated his

rights.[1] By order dated July 29, 2019, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis*.[2] For the reasons set forth below, the Court

dismisses the complaint with 30 days' leave to replead.

**STANDARD OF REVIEW**

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any

of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572

_____

    [1] Plaintiff filed this complaint with 11 other prisoners. On July 8, 2019, the Court severed
the action and directed the Clerk of Court to open separate civil actions with new docket
numbers for each plaintiff. (ECF No. 2.)

    [2] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings this complaint, which is not a model of clarity, challenging his ongoing criminal proceedings. He alleges that since December 2018:

> the City of New York, County of Manhattan, and its Appellate Division Dept are allowing the Manhattan DA to deprive it[s] citizens and territorial resident[s] to [ineligible] of its United States Constitution and New York State due process and equal protection of law . . . to illegally detain, disenfranchise and be deprive[d] civil rights . . . [and a] jury trial . . . [and] depriving Blacks [and] Latino[s] and mentally challenged citizens Constitutional Due Process Rights to loss of liberty and liberty interest where the federal jurisdiction is needed to answer Constitutional disenfranchisement.

(Compl. at 4.) Plaintiff attaches to the complaint a January 22, 2019 New York Daily News article, titled "Wait for Justice at Rikers is a Four-Year Nightmare." (*Id.* at 11-14.) Plaintiff seeks money damages.

According to the New York City Department of Correction, Plaintiff's next court appearance is scheduled for September 4, 2019.

## DISCUSSION

**A.      The Court declines to intervene in Plaintiff's ongoing criminal proceeding**

The Court construes the complaint as seeking this Court's intervention in Plaintiff's pending criminal appeal. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that "a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment or irreparable injury that is both serious and immediate." *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (noting that "*Younger* exemplifies one

class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution").

A state criminal proceeding ordinarily provides an adequate forum to raise federal constitutional challenges to the prosecution. *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994).

Plaintiff does not assert any facts suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. Nor does he state any facts suggesting that the state forum is in any way inadequate to challenge the constitutionality of his prosecution. Rather, he broadly accuses the Defendants of prosecuting him based on his being either black or Latino. But Plaintiff fails to offer any support for this conclusory allegation claiming discrimination. Accordingly, the Court declines to intervene in Plaintiff's ongoing criminal matter.

**B.      The Court dismisses Plaintiff's claims against the State of New York under the Eleventh Amendment**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Plaintiff's § 1983 claims against the State of New York are therefore barred by the Eleventh Amendment and are dismissed.

**C.** **The Court dismisses Plaintiff's claims against Manhattan District Attorney (DA) Cyrus Vance, Jr. under the doctrine of prosecutorial immunity**

Prosecutors are immune from civil suits for damages in their individual capacities for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)) (internal quotation marks omitted); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it") (internal quotation marks and citation omitted). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Plaintiff's § 1983 claims against Vance arise from his prosecution of Plaintiff in the New York Supreme Court, New York County. The Court therefore dismisses Plaintiff's § 1983 claims for damages against Vance in his individual capacity under the doctrine of prosecutorial immunity and because these claims are frivolous. *See* § 1915(e)(2)(B)(i), (iii); *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (claims dismissed for prosecutorial immunity are frivolous under the *in forma pauperis* statute); *Montero*, 171 F.3d at 760.

**D.** **Plaintiff's claims against the City of New York are dismissed for failure to state a claim**

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a

deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff fails to state a claim against the City of New York because he does state any facts showing that he is entitled to relief. In fact, he does not assert how the City of New York caused any harm to him. The Court therefore dismisses the City of New York for failure to state a claim.[3] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.      The Court grants Plaintiff 30 days' leave to replead**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects if it is not clear that leave to amend would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it is not clear that it would be futile to grant Plaintiff leave to replead, the Court grants Plaintiff leave to assert any facts suggesting that his rights have been violated during his detention at Rikers Island.

---

[3] To the extent Plaintiff intended to bring a claim of malicious prosecution against the City of New York, he cannot meet the favorable termination requirement of such a claim. In a malicious prosecution claim, a plaintiff must demonstrate that "the criminal proceedings against him were terminated in a manner indicating his innocence." *Lanning v. City of Glen Falls*, 908 F.3d 19, 29 (2d Cir. 2018). As Plaintiff's proceedings are ongoing, he cannot state a claim of malicious prosecution.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), with 30 days' leave to replead.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:    August 5, 2019
          New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)


# COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                 Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                  Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

# IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                          Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                          Zip Code

Defendant 2:

First Name                          Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                          Zip Code

Defendant 3:

First Name                          Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                          Zip Code

Defendant 4:

First Name                          Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                          Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                          Plaintiff's Signature

_____
First Name                            Middle Initial              Last Name

_____
Prison Address

_____
County, City                                      State                        Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:  _____